(January 22, 1916.)

FRED A. STOLZ, as Receiver of the WINN–BARR–CHAINEY COMPANY, LIMITED, a Corporation, Appellant, v. J. T. SCOTT, O. E. BARR, F. D. WINN, BENJAMIN CHAINEY and H. H. BARTON, Respondents.

[154 Pac. 982.]

EVIDENCE — BOOKS OF ACCOUNT — IDENTIFICATION—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SURPRISE—DISCRETION OF TRIAL COURT.

1. Where books of account and records of a corporation have been investigated and experted by an accountant, who has reached a conclusion therefrom as to its solvency and as to whether a dividend had been paid from its capital stock or from surplus profits, and where some of the books have been subsequently lost or destroyed and the others cannot be properly identified as records of the corporation, it was not error for the trial court to reject as evidence the report of the accountant and oral testimony as to his conclusions.

[As to account-books as evidence, see note in 138 Am. St. 441.]

2. The mere production of books of account without identification is not sufficient to entitle them to admission in evidence, and where there was a total failure to show that a journal contained either an accurate or complete account of the corporation's business during the period of time it purported to cover, it was not error for the trial court to exclude it when offered to show that the dividend was declared from the capital stock of the corporation and not from surplus profits arising from its business.

3. The granting or denying of a new trial rests in the sound discretion of the trial court, and where the motion was based upon an affidavit alleging newly discovered evidence and it appeared that the evidence could have been, by the exercise of ordinary diligence, produced at the trial of the cause, an order denying the motion was not an abuse of that discretion, and will not be disturbed upon appeal.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover from the directors of a corporation the amount of a dividend declared and paid from the capital stock of a corporation and not from the surplus profits of its business. Judgment for defendants. *Affirmed.*

Reed & Boughton and Samuel R. Stern, for Appellant.

The identification of the journal of the Winn-Barr-Chainey Co., Ltd., was much more complete and positive than was required according to the rules of evidence. (Jones on Evidence, sec. 573; Elliott on Evidence, sec. 465; *Lowry National Bank v. Fickett,* 122 Ga. 489, 50 S. E. 396.)

"Where the originals consist of numerous documents which cannot be conveniently examined in court, and the fact to be proved is the general result of an examination of the whole collection, evidence may be given as to such result by any person who has examined the documents and who is skilled in such matters, provided the result is capable of being ascertained by calculation." (Jones on Evidence, sec. 206; *Wolford v. Farnham,* 47 Minn. 95, 49 N. W. 528.)

Clearly this is the rule in respect to experts. (*Culver v. Marks,* 122 Ind. 554, 17 Am. St. 377, 23 N. E. 1086, 7 L. R. A. 489.)

Competent witnesses have been allowed to summarize the accounts and to state conclusions as to balances, solvency and insolvency and the like. (*San Pedro Lumber Co. v. Reynolds,* 121 Cal. 74, 53 Pac. 410; *Elmira Roofing Co. v. Gould,* 71 Conn. 629, 42 Atl. 1002; *Louisiana Purchase Exposition Co, v. Kuenzel,* 108 Mo. App. 105, 82 S. W. 1099; *Drummond*

*v. Stewart,* 8 Iowa, 341; *Burton v. Driggs,* 20 Wall. (87 U. S.) 125, 22 L. ed. 299; Wigmore on Evidence, secs. 1230, 1244 (4); *Wilson v. Alcatraz Asphalt Co.,* 142 Cal. 182, 75 Pac. 787; Elliott on Evidence, sec. 1053.)

If the books could have been produced, they should have been, and without them secondary evidence of their contents ought not to be admitted, but they were clearly shown to be lost or destroyed. (*Mills v. Glennon,* 2 Ida. 105, 6 Pac. 116; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731.)

The affidavit of Bigelow clearly identified the journal of the Winn-Barr-Chainey Co., Ltd., according to the requirements of the trial judge, and if a new trial had been granted, the fact that the journal of itself showed that the corporation was insolvent at the time the dividend was declared would result in a verdict for the plaintiff, so that from such affidavit the court could see that a different result would be obtained on a new trial, and the motion for a new trial should have been granted. (*Oberlander v. Fixen & Co.,* 129 Cal. 690, 62 Pac. 254; *Twin Springs Placer Co. v. Upper Boise Hydraulic Min. Co.,* 6 Ida. 687, 59 Pac. 535.)

McFarland & McFarland and R. M. Smith, for Respondents.

By the offer of unidentified books of account and the deductions therefrom and written summary, report or statement of witness Le Master, appellant was endeavoring to prove the insolvency of the Winn-Barr-Chainey Company, and that respondents Scott, Barton and Chainey had fraudulently declared and received dividends from the capital of that concern, knowing it to be insolvent. The proof of such facts should be strict, certain and unequivocal. (3 Thompson on Corporations, 4293–4295; 10 Cyc. 884.)

Solvency is always presumed, and mere opinion evidence is not admissible to establish insolvency. (7 Ency. of Evidence, 482–487; *Grosse v. Cooley,* 43 Minn. 188, 45 N. W. 15.)

The showing made by appellant for a new trial on the ground of newly discovered evidence is wholly inadequate and insufficient. (*Scanlan v. San Francisco etc. Ry. Co.,* 128

Cal. 586, 61 Pac. 271; *Broads v. Mead.* 159 Cal. 765, Ann. Cas. 1912C, 1125, 116 Pac. 46.)

MORGAN, J.—This action was commenced by appellant, as receiver of the Winn-Barr-Chainey Company, Limited (hereinafter referred to as the corporation), which was, prior to July 15, 1910, engaged in the mercantile business, to recover from J. T. Scott, O. E. Barr, F. D. Winn, Benjamin Chainey and H. H. Barton, who were formerly directors of the corporation, the sum of $3,895, together with interest thereon, alleged to have been paid as a dividend, on or about January 14, 1908, from its capital stock and not from surplus profits arising from its business. Barr and Winn failed to appear and Scott, Chainey and Barton filed separate answers. Appellant moved to strike out certain portions of the answers of Scott and Chainey, which motions were sustained in part and, while it does not appear what action, if any, the court took with respect to the remaining portions attacked by the motions, appellant assumes that the motions, in all respects wherein they were not sustained, were denied, and assigns as error the action of the court in denying them.

The case was brought to trial before a jury and, at the close of the introduction of proof on behalf of the plaintiff, defendants moved for a nonsuit, which was granted and which action, upon the part of the court, is assigned as error. Judgment was entered in favor of defendants dismissing the action and for their costs. A motion for a new trial was made and denied and this appeal is from the judgment and from the order denying the motion for a new trial.

Since the appeal was taken J. T. Scott, one of the respondents, died and a motion was made to abate the action so far as it concerns his estate. Subsequently Kate M. Scott filed in this court written suggestion of the death of J. T. Scott and therein informed the court that she has been appointed administratrix of his estate and has qualified as such, and she renews the motion to abate the action. An order has been entered substituting Kate M. Scott, as administratrix of

the estate of J. T. Scott, deceased, for J. T. Scott as respondent.

The principal question presented here, as we view it, arises out of the action of the court in rejecting certain oral and documentary evidence by which appellant sought to prove that the dividend, above referred to, was declared and paid from the assets of the corporation constituting its capital stock and not from the surplus profits of its business, which is the gist of this action. It is very apparent that the evidence admitted does not establish this fact and that, in the absence of error in the rejection of evidence, there was none committed in granting the nonsuit.

Sec. 2732, Rev. Codes, fixes the liability of directors of corporations in cases of this kind and is as follows: "The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they reduce or increase the capital stock, except as in this title specially provided. For a violation of the provisions of this section, the directors, under whose administration the same may have occurred (except those who may have caused their dissent therefrom to be entered at large in the minutes of the directors at the time, or, when not present, when the same did occur) are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced. . . . . "

It appears that on or about July 15, 1910, the corporation assigned and turned over all its assets to one William E. Muse, as trustee for the use and benefit of its creditors, and that on October 9, 1911, McClintock-Trunkey Company, one of its creditors, commenced an action against it to recover a sum of money alleged to be due from it to said company, and in that action the appellant here was appointed receiver of the assets of the corporation.

It further appears that, prior to the commencement of this action, a number of the creditors of the corporation placed their claims in the hands of a collection agency which, at their request, caused an investigation to be made of its books, and that, under the direction of the collection agency, a firm of accountants was employed to make the investigation. It also appears that the books and records of the corporation were under the control of the representatives of the creditors and were turned over to the accountants; that they were shipped from Coeur d'Alene to Spokane for inspection and to be experted, and were then returned to Coeur d'Alene and were thereafter, from time to time, stored in different places including the basement of a store building and a warehouse to which a number of people had access. Proper care was not taken to preserve the books and, at the time of the trial, some of them could not be found and their disappearance could not be accounted for, nor were those produced properly identified as records of the corporation.

An effort was made to prove by the accountant the conclusions he reached as a result of his examination of the books and also to introduce in evidence his report, which does not contain a copy of the records, but is in the nature of deductions he has made from his examination. This evidence was rejected and the action of the court in rejecting it is assigned as error.

Appellant attempts to avail himself of the provisions of subd. 5 of sec. 5999, Rev. Codes, which provides that there can be no evidence of the contents of a writing other than the writing itself, except when the original consists of numerous accounts or other documents, and cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole.

The offer of the rejected evidence was not an effort to prove the contents of the books, but to prove the result of the investigation made by the accountant as to whether he found the corporation to be solvent or insolvent at the time the dividend was declared, and as to whether or not it was declared and paid from surplus profits of the business. This

secondary evidence was not offered or rejected upon the theory that the books and records were so voluminous that they could not be examined in court without great loss of time, but because those which were produced could not be properly identified and others had been permitted to be lost, or destroyed, by representatives of the creditors in whose behalf this action was being prosecuted.

The rule stated in the statute above referred to cannot be so far extended as to meet the requirements of appellant. Even if the deductions made by the accountant could have been upon any theory admitted, it would have been indeed unfair to the defendants to admit them in the absence of the records from which the deductions were made, since they would have had no basis from which to cross-examine him. Furthermore, the report made by the accountant to the collection agency, which was offered in evidence and rejected, shows upon its face that it covers the period of time from September 20, 1908, to July 27, 1910, and since the dividend was declared on January 14, 1908, more than eight months prior to the commencement of the time covered by the report, it does not appear that the report would have established the fact that the dividend was declared and paid from capital other than surplus profits had it been admitted. We conclude that the court committed no error in rejecting the proffered evidence as to the result of the investigation made by the accountant.

The action of the court in rejecting from evidence a journal, contended by appellant to have been one of the books of account of the corporation, is assigned as error. While there is some evidence tending to show that this journal was, in whole or in part, in the handwriting of a former bookkeeper of the corporation, the bookkeeper was not produced as a witness, and there was a total failure to show that the journal contained either an accurate or a complete account of the corporation's business during the period of time it purported to cover, and two of the defendants, by whom it was sought to prove that it was a record of the corporation, were unable to identify it as such. It is said in Jones on Evidence,

sec. 573: "It is well recognized that the mere production of books of accounts without identification is not sufficient to entitle them to admission. . . . . In most jurisdictions it is necessary that testimony should be given *authenticating* the book of account and showing it to be the book of original entries kept for that purpose; also that the entries were true and correct, and contemporaneous with the transactions. . . . . The books must be identified as the account-books of the party whose books they purport to be. Under the old rules it was necessary to show by other customers or parties who had dealt with the owner of the books that he kept fair and honest books of account, but under the later decisions the correctness of the entries may be proved by the person who made them, or by anyone who is able of his own knowledge to testify to it. This testimony should be given by the party, if the entries are in his handwriting, or by a clerk, if the entries are in his handwriting, unless he is dead or out of the state, in which case, the books are admissible upon proof of the handwriting."

It appears in an affidavit supporting a motion for a new trial that the bookkeeper was out of the state, but no foundation was laid at the trial for the introduction of testimony other than his that the book was authentic. In the section of Jones on Evidence, above quoted, it is further said: "What is sufficient proof of the verity of books is a question almost entirely for the discretion of the trial court." In view of the circumstance that these books had been in many different hands, had been stored in places where many persons had access to them, and a part of them had been lost, or destroyed, and in view of the absence of evidence that the journal in question was a correct record of the corporation, we are of the opinion that the trial court did not abuse its discretion in rejecting the journal from evidence.

The conclusion we have reached that no error was committed in the rejection of proof offered by appellant and in granting the nonsuit makes unnecessary any discussion of a number of assignments of error, including those predicated upon the action of the court in disposing of appellant's mo-

tions to strike out portions of the answers of certain of the defendants. The complaint stated a cause of action which was denied by the answers and, appellant having failed to establish a *prima facie* case upon the issue thus joined, even though error was committed in failing to strike out portions of the answers, which do not affect that issue, it would be immaterial.

Appellant moved for a new trial upon the following grounds: "1. Newly discovered evidence, material for plaintiff, which could not with reasonable diligence be discovered and produced on the former trial of said action; 2. Errors in law occurring at the trial in the rejection of evidence offered by plaintiff and deemed excepted to by said plaintiff; 3. Accident or surprise which ordinary prudence would not have guarded against; 4. Errors in court in granting a nonsuit and the dismissal of said action." The rulings of the trial court upon the questions presented by the second and fourth grounds of this motion have heretofore been considered and disposed of. The motion is supported by the affidavit of F. W. Reed, Esq., of counsel for appellant, and by that of W. F. Bigelow, former bookkeeper for the corporation. In his affidavit Mr. Reed states that he did not know of the whereabouts of Bigelow prior to the trial of the action; that he had heard he was in the state of Montana, but did not learn his address until during the trial; that immediately upon learning the address he telegraphed Bigelow urging him to be present and received a reply that it was impossible for him to do so. Affiant further says: "If a new trial is granted, that the attendance of said Bigelow can be had in said action, or his deposition taken, and that said W. F. Bigelow can and will identify the journal of said Winn-Barr-Chainey Co., Ltd., used in the business of said company during the year 1907 and 1908; and that said book, when so identified, will show that said Winn-Barr-Chainey Co., Ltd., paid a dividend to the amount of three thousand eight hundred ninety-five dollars ($3,895.00), and that the same were paid out of the capital stock of said company, or in other words, that said book will show that instead of there

being a profit in the business of the Winn-Barr-Chainey Co., Ltd., for the year 1907 that there was a loss of over three thousand dollars over and above the dividend paid; that said evidence is material and could not with reasonable diligence have been produced at the trial.

"Affiant further says that he was taken by surprise, which ordinary prudence could not have guarded against, when defendants J. T. Scott and Benjamin Chainey refused to identify the journal, sought to be introduced in evidence by the plaintiff, as the journal of the Winn-Barr-Chainey Co., Ltd., and particularly because said Benjamin Chainey was actively engaged in operating the business of said Winn-Barr-Chainey Co., Ltd., during all the time it was doing business, and he, the said Benjamin Chainey, must have known that said journal was the journal of said Winn-Barr-Chainey Co., Ltd., and could have identified the same."

After reciting that he has examined the journal in question and that it is a journal that was used by the corporation during the time it was in business in Coeur d'Alene, Mr. Bigelow says: "That said journal is all in his handwriting, except pages 217 to 220, both inclusive, which are not in his handwriting. Deponent says further that when he wrote said journal he was the bookkeeper for said corporation, and that said journal was written by him in the performance of his duties as bookkeeper for said corporation; that said journal is a book of original entries and was made by him contemporaneously with the transactions therein set forth and in the usual course of business; that he has examined the same carefully, and upon such examination states that no changes have been made in the part of said journal written by him except in a few instances, where such changes were made immediately after such book was written in order to make same conform to the facts set forth in said journal, and so far as said journal was written by this deponent it is a register of the daily business transactions of said corporation, and a correct record thereof between the dates mentioned in said journal."

It does not appear that it was unknown to appellant or his attorney, prior to the trial, that Bigelow would testify to the facts stated in his affidavit, but the record does disclose that, long prior to the trial, counsel for appellant knew Bigelow had been the bookkeeper for the corporation and from this it may be inferred they must have known he would be a material and proper witness to identify the records he had kept. It does not appear that any effort had been made, prior to sending the telegram referred to, either to learn his exact whereabouts, to procure his attendance as a witness, to take his deposition, or to have the case continued in order that he might be found.

The granting or denying of a new trial rests in the sound discretion of the trial court, and, where the motion is based upon an affidavit alleging newly discovered evidence, and it appears that the evidence could have been, by the exercise of ordinary diligence, produced at the trial of the cause, an order denying the motion is not an abuse of that discretion, and will not be disturbed upon appeal. (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 585, 144 Pac. 646; *Scanlan v. San Francisco etc. Ry. Co.,* 128 Cal. 586, 61 Pac. 271; *Broads v. Mead,* 159 Cal. 765, Ann. Cas. 1912C, 1125, 116 Pac. 46.)

Mr. Reed states in his affidavit "that he was taken by surprise, which ordinary prudence could not have guarded against, when defendants J. T. Scott and Benjamin Chainey refused to identify the journal." It would seem that ordinary prudence would have prompted counsel, before relying implicitly upon the testimony of adverse parties, in so important a matter as this, to make an effort to ascertain what the nature of their testimony would be, and it does not appear that either Mr. Scott or Mr. Chainey had ever been asked as to their ability to identify this journal before being placed upon the witness-stand.

The evidence sought to be adduced from the witness Bigelow cannot be deemed to be newly discovered evidence, nor do we find that the appellant was the victim of accident

or surprise which ordinary prudence could not have guarded against.

The fourth subd. of sec. 4439, Rev. Codes, provides, as one of the grounds for a new trial: ''Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.'' Even if the proffered testimony of Bigelow could be considered newly discovered evidence, appellant has shown no diligence whatever to discover it or to produce it at the trial, except the sending of the telegram above referred to, nor has any reason been advanced for the failure to make an effort to find the whereabouts of the witness, in order to procure his attendance, or to take his deposition, at a time when such an effort might have been reasonably expected to be successful. The motion for a new trial was properly denied. The judgment of the trial court is affirmed. Costs are awarded to respondents.

Having affirmed the judgment of dismissal and the order denying the motion for a new trial, it is not deemed to be necessary to pass upon the motion to abate the action as against the estate of J. T. Scott, deceased.

Sullivan C. J., and Budge, J., concur.