CHARLES LEE PETTIT *v*. STATE OF INDIANA.

[No. 1-474A65. Filed September 17, 1974.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant Pettit was convicted by a jury of second degree burglary. His appeal alleges error in the admission of hearsay evidence and in the giving and rejecting of certain instructions. We find no reversible error.

On November 4, 1973, Head's TV and Appliance Store in Evansville was burglarized. The manager of the store found the front plate glass door completely knocked out by a concrete block which was found inside the store. Two portable television sets taken from the store were found outside. Witnesses had observed two men attempting to enter the appliance store, first from the front and then from the rear. One witness then saw the same two men walking down the street each carrying a television set. Two other witnesses driving

past the store at this time also saw one of men, later identified as Pettit, carrying a television set. A police officer was called to the scene, spotted Pettit and captured him across the street in an abandoned house. He was taken back to the scene of the crime where he was positively identified.

In order to show that the television sets were from Head's TV and Appliance, the State offered into evidence a business invoice from the store containing the serial number and description of the TV sets found outside the store. The invoice was received by Head in the regular course of his business from Admiral Credit, the shipper of the sets. Pettit's objection to the admission of the invoice was based upon hearsay. The objection was overruled and the invoice admitted.

We are of the opinion that the invoice falls within the business records exception to the hearsay rule and is therefore admissible.

> "A synthesis of the Indiana cases treating what modern authorities call the 'business record' exception to the hearsay rule is that documentary evidence is admissible if identified by its entrant or one under whose supervisions it is kept and shown to be an original or first permanent entry, made in the routine course of business, at or near the time of the recorded transaction by one having both a duty to so record and personal knowledge of the transaction represented by the entry." *American United Life Insurance Co.* v. *Peffley* (1973), 158 Ind. App. 29, 301 N.E.2d 651, 656. *See also: Wells* v. *State* (1970), 254 Ind. 608, 261 N.E.2d 865.

However, even if the invoice was inadmissible, it was not an essential part of the case. Other evidence presented was sufficient to establish that the stolen television had been in Head's possession. The crime of burglary is an offense against possession of property not ownership. Thus, it was unnecessary to show absolute ownership in Head. *McMinoway* v. *State* (1972), 283 N.E.2d 553; *Gross* v. *State* (1972), 152 Ind. App. 626, 284 N.E.2d 860; *Jay* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128.

Pettit next contends that the court erred in giving state's instruction number one.

"You are instructed that a statute of our state in full force and effect reads as follows:

'Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire command, or other wise procure a felony to be committed may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal . . .'

This statute covers all felonies in Indiana and therefore a person can be held responsible if he either perpetrated the crime or aided, abetted or encouraged its commission. A defendant is responsible for the acts of his own confederates as well as his own. It is not essential that participation of any one defendant to each element of Second Degree Burglary be established." (Tr. p. 172).

Pettit contends that the instruction is an improper statement of the law, that it is confusing, and it invades the province of the jury.

The first part of the instruction is taken directly from IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1956).

The second part ("This statute covers . . .") is a verbatim statement of recent Indiana case law. *Cline* v. *State* (1969), 253 Ind. 264, 267, 252 N.E.2d 793, 795 states:

"This statute covers all felonies in Indiana and therefore an appellant can be held responsible if he either perpetrated the crime or aided, abetted or encouraged its commission. *George* v. *State* (1969), 252 Ind. 344, 247 N.E.2d 823. A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of robbery be established. *Jones* v. *State* (1963), 244 Ind. 682, 195 N.E.2d 460. *Cotton* v. *State* (1965), 247 Ind. 56, 211 N.E.2d 158."

Since the instruction correctly states Indiana law there is no error.

Pettit finally argues that the court erred in refusing to give defendant's instruction number 5.

"The Court instructs you that the evidence against those charged with crimes must prove every element of the of-

fense beyond a reasonable doubt before. there can be a conviction; and the evidence favorable to the accused need only be sufficient to raise a reasonable doubt of the establishment of any one essential element of the crime."

Instructions must be looked at as a whole. It is not error to refuse an instruction the substance of which is sufficiently covered by other instructions. *Martin* v. *State* (1973), 260 Ind. 490, 296 N.E.2d 793; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *Shack* v. *State* (1972), 259 Ind. 450, 288 N.E.2d 155.

The reasonable doubt standard was sufficiently covered by several other instructions.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 316 N.E.2d 460.