**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas C. ERICKSON and Aneta J. Erickson, Defendants-Appellants.**

**Nos. 80–1746, 80–1758.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 2, 1981.

Decided Jan. 27, 1982.

Rehearing Denied May 17, 1982.

Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., and William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., with her on the brief), for plaintiff-appellee.

Morgan C. Taylor, Newport Beach, Cal. (Clyde R. Maxwell of Maxwell & Taylor, Newport Beach, Cal., with him on the brief), for defendants-appellants.

Before HOLLOWAY, McWILLIAMS, and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

Thomas Erickson and his wife, Aneta, were charged by indictment with numerous violations of the Internal Revenue Code. Each was charged in three counts with willfully failing to file income tax returns for the years 1976, 1977, and 1978, in violation of 26 U.S.C. § 7203 (1976). Thomas Erickson was charged in thirty-one counts with willfully aiding and abetting in the preparation of false income tax returns during the years 1976 through 1979, in violation of 26 U.S.C. § 7206(2) (1976). Aneta Erickson was charged separately in six counts with willfully aiding and abetting in the preparation of false income tax returns, in violation of 26 U.S.C. § 7206(2) (1976). Thomas Erickson also was charged in two counts with willfully delivering false documents to the Internal Revenue Service, in violation of 26

U.S.C. § 7207 (1976). Three of the forty-five counts contained in the indictment were dismissed on motion of the government. The jury convicted the Ericksons on all of the remaining forty-two counts.[1] The Ericksons now appeal their respective convictions.[2] We affirm.

Thomas and Aneta Erickson were the owners and operators of the Erickson Tax Service in Anadarko, Oklahoma. As indicated, each was charged with failing to file income tax returns for three years and both were charged with assisting in the filing of false income tax returns for their clients. The government presented its case through some thirty-seven witnesses, three of whom were former employees of the Erickson Tax Service, and twenty-one of whom were former clients of the service. The government also introduced at trial Ericksons' lists of clients and other documentary evidence seized from the premises at the Ericksons' business offices. On appeal, the Ericksons raise several matters, none of which warrant reversal.

■ The first issue raised on appeal pertains to the trial court's denial of a motion to suppress documents seized from the business offices of the Erickson Tax Service. The offices were searched by IRS agents

---

1. Thomas Erickson was sentenced to consecutive and concurrent prison terms aggregating 11 years; he also was required to pay a fine of $27,000. Aneta Erickson received consecutive and concurrent prison sentences aggregating 9 years; she also was required to pay a fine of $25,000. No issue as to the prison sentences or fines is raised in this appeal.

2. This is not the first time that the Ericksons' cause has been before this Court. Prior to their trial, the Ericksons sought leave of the district court to file an untimely motion to suppress evidence seized under a search warrant and also sought permission to file an untimely motion to permit inspection of grand jury minutes. The district court denied these motions for leave to file documents out of time. In *United States v. Erickson*, Nos. 80–1076, –1077, –1085, –1086 (10th Cir. Apr. 1, 1980), cert. denied, 446 U.S. 984, 100 S.Ct. 2966, 64 L.Ed.2d 841 (1980), we determined that the denials of the motions to file documents out of time were not final, appealable orders. The

Ericksons persisted, however, and sought a writ of mandamus to compel the filing of their untimely pretrial motions. The petition for writ of mandamus was denied. *Erickson v. Eubanks*, No. 80–1394 (10th Cir. Apr. 25, 1980), cert. denied, 446 U.S. 984, 100 S.Ct. 2966, 64 L.Ed.2d 840 (1980).

We also reviewed the district court's order requiring that Thomas Erickson be held without bail after conviction during the pendency of the instant appeal. The district court's order, *United States v. Erickson*, 506 F.Supp. 83 (W.D.Okla.1980), was affirmed. *United States v. Erickson*, No. 80–1593 (10th Cir. June 30, 1980). The district court also denied the appellants' motion for leave to appeal in forma pauperis. *United States v. Erickson*, 506 F.Supp. 90 (W.D.Okla.1980). Again, we affirmed the judgment of the district court. *United States v. Erickson*, Nos. 80–1746, –1758 (10th Cir. Oct. 10, 1980), cert. denied, 450 U.S. 929, 101 S.Ct. 1386, 67 L.Ed.2d 361 (1981).

pursuant to a search warrant issued by a United States Magistrate. The Ericksons contend that the affidavit of Special Agent Paul Elledge was insufficient to support the issuance of the search warrant and that the fruits of the search should have been suppressed. We do not agree. The affidavit, in our view, was more than adequate. It contained, *inter alia*, a summary of incriminating information given by three former employees and one current employee of the Erickson Tax Service. The statements of the current employee were sufficient to refute any claim of staleness. The affidavit demonstrated that the offense in question was ongoing and continuing, and in such circumstance, the passage of time is not of critical importance. *United States v. Brinklow*, 560 F.2d 1003, 1005–06 (10th Cir. 1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978); *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972). We agree with the trial court that the affidavit demonstrated probable cause and that it otherwise squared with the Fourth Amendment.[3]

■ Thomas Erickson did not testify at his trial. One of his defenses, however, was that he lacked the ability to form a specific intent, which was an essential element of the crimes charged.[4] Dr. Nolan Armstrong, a defense witness, testified that Thomas Erickson had over the years developed a "delusion" about the tax laws to the end that although Erickson could control his conduct, he nonetheless did not believe that he was doing anything wrong by disobeying the tax laws. At the close of the trial, the court instructed the jury, in effect, that although Thomas Erickson did *not* assert that he was either insane or mentally incompetent at the time of the alleged offenses, Erickson did assert that he lacked the mental capacity to form a specific intent, which, the judge stated, was an essential ingredient of the crimes charged. The judge concluded that evidence regarding Erickson's mental condition could be considered only for the limited purpose of determining whether Erickson had the requisite specific intent. We find no error in such instruction. Erickson did not assert insanity as a complete defense. Rather, as indicated, he simply attempted to show an inability to form specific intent. *See United States v. Jacobs*, 473 F.2d 461, 465 (10th Cir.), *cert. denied*, 412 U.S. 920, 93 S.Ct. 2740, 37 L.Ed.2d 147 (1973); *United States v. Gorman*, 393 F.2d 209, 211 (7th Cir.), *cert. denied*, 393 U.S. 832, 89 S.Ct. 102, 21 L.Ed.2d 103 (1968).

■ Counsel also argues that the evidence is insufficient to support the jury's verdicts, particularly as it relates to Aneta Erickson. We disagree. This was a husband-wife tax service in which each took an active role in the day-to-day operation of that business. That it was a thriving busi-

---

3. Fed.R.Crim.P. 12(b)(3) requires that motions to suppress evidence be raised prior to trial and Fed.R.Crim.P. 12(f) provides that a party's failure to file such motions in a timely manner "shall constitute waiver thereof." In their brief, appellants assert that the trial court's refusal to permit an untimely motion to suppress was an abuse of the discretionary authority granted by Fed.R.Crim.P. 45(b), which rule provides that "the court for cause shown may at any time in its discretion" extend the period of time in which a motion must be filed "if the failure to act was the result of excusable neglect." After examining the record, we find that the trial court's denial of leave to file an untimely motion to suppress was well within the bounds of discretion. We note that appellate courts properly give deference to trial court decisions denying untimely motions to suppress. *See, e.g., United States v. Bridwell*, 583 F.2d 1135, 1139 (10th Cir. 1978); *United States v. Echols*, 577 F.2d 308, 311 (5th Cir. 1978); *United States v. Rollins*, 522 F.2d 160, 165 (2d Cir. 1975).

Furthermore, although the trial court did refuse to permit the untimely filed motion, the court, at trial prior to the introduction of the evidence, reviewed the search warrant affidavit and ruled that the affidavit contained sufficient probable cause to justify the search. As indicated, we are in accord with this analysis. It is evident, therefore, that no substantial prejudice resulted from the court's refusal to permit appellants to file out of time. *See United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

4. Erickson was charged with violations of 26 U.S.C. §§ 7203, 7206(2), 7207 (1976). All of these statutory provisions are specific intent crimes, *i.e.*, willfulness is an element of each.

ness was demonstrated by the fact that people literally were standing in line to have their tax returns prepared by the Erickson Tax Service. Their most used fraudulent technique was to claim business expenses for their clients regardless of whether the taxpayer actually was engaged in a business. Our study of the record indicates that the evidence is amply sufficient to support all verdicts.

■ The Ericksons further contend that the trial court's instructions were inadequate and that certain evidence offered by them improperly was excluded. We find that the instructions, considered as a whole, were adequate and correctly stated the applicable law. The proffered evidence related to the Ericksons' basic defense, namely, that a good faith belief in the unconstitutionality of the tax laws is a complete defense. In this regard, the trial court properly instructed the jury that such is not the law. As we stated in *United States v. Dillon*, 566 F.2d 702, 704 (10th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978),

> a defendant need not be shown to have acted with bad purpose or evil motive. It follows that demonstration of a good purpose is not a defense. If it is shown that a defendant intentionally violated his known legal duty to file a [tax] return, his reason for doing so is irrelevant.

*See United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976).

Judgment affirmed.