**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter J. KAUFMANN, Jan E. Ostermeier and William C. Cummings, Defendants-Appellants.**

**Nos. 85–1692, 85–1693, 85–1695 and 85–1841.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 17, 1986.

Decided Feb. 13, 1986.

Leonard G. Leverson, Milwaukee, Wis., Charles W. Giesen, Giesen & Berman, and Ralph A. Kalal, Kalal & Habermehl, Madison, Wis., for defendants-appellants.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

Defendants argue that they are entitled to a new trial because the Government's principal witness, Agent John Holm of the Division of Criminal Investigation of the Wisconsin Department of Justice, testified falsely at trial. We remand to the district court to make the appropriate findings under the standard articulated in *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), and subsequent Supreme Court cases.

The four co-defendants[1] in this case were convicted of conspiracy to purchase marijuana with intent to distribute. The

1. Defendant Terrell Brown does not appeal.

government agents had carried out a "reverse sting" operation in which the agents assumed the role of marijuana suppliers and sought to sell marijuana to the defendants.

Agent Holm testified at trial that on June 15, 1984, the date of the sting operation, he had not spoken to defendant Kaufmann before eleven that morning. At a post-trial hearing the district court found that Agent Holm's testimony was false. Holm had in fact called Kaufmann three times before 11 a.m. on June 15. Kaufmann submitted an affidavit in which he states that during these phone calls he advised Holm that he was not interested in going ahead with the marijuana purchase and that Holm threatened him. The district court, however, explicitly declined to find whether Holm had perjured himself.[2] Tr.[3] at 85. Presumably she was only considering whether the defendants were entitled to a new trial under *Larrison v. United States*, 24 F.2d 82 (7th Cir.1928), which does not require that the false testimony be perjured.[4] The district court found that the defendants had failed to meet the other requirements of *Larrison* and thus denied the motion for a new trial. Tr. at 85–89.

On remand the district court should determine whether "the prosecution's case includes perjured testimony and that the prosecution knew, or should have known, of the perjury."[5] *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976) (footnote omitted); *see United States v. Bagley*, —— U.S. ——, 105 S.Ct. 3375, 3382 & n. 8, 87 L.Ed.2d 481 (1985); *Giglio v. United States*, 405 U.S.

150, 153–54, 92 S.Ct. 763, 765–66, 31 L.Ed.2d 104 (1972); *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959); *United States v. Jackson*, 780 F.2d 1305, 1309 (7th Cir.1986); *United States ex rel. Smith v. Fairman*, 769 F.2d 386, 392 (7th Cir.1985). The knowing use of perjured testimony constitutes a denial of due process because such "a deliberate deception of court and jury" is "inconsistent with the rudimentary demands of justice." *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935); *see Bagley*, 105 S.Ct. at 3382 n. 8; *Giglio*, 405 U.S. at 153, 92 S.Ct. at 765; *Napue*, 360 U.S. at 269, 79 S.Ct. at 1177. Thus a conviction obtained by the knowing use of perjured testimony "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Agurs*, 427 U.S. at 103, 96 S.Ct. at 2397 (footnote omitted), *quoted in Bagley*, 105 S.Ct. at 3382; *see Giglio*, 405 U.S. at 154, 92 S.Ct. at 766; *Napue*, 360 U.S. at 271, 79 S.Ct. at 1178; *Jackson*, at 1309, 1311–12; *Fairman*, 769 F.2d at 392. A plurality of the Supreme Court recently stated that this standard "may as easily be stated as a materiality standard under which the fact that testimony is perjured is considered material unless failure to disclose it would be harmless beyond a reasonable doubt." *Bagley*, 105 S.Ct. at 3382; *see* 105 S.Ct. at 3382 n. 9; *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The principle that the prosecutor may not knowingly use false testimony applies even when the false testimony goes only to the

---

**2.** The district court judge did indicate that she would find it very difficult to believe that Holm forgot about the calls made before eleven. Tr. at 28–29.

**3.** "Tr." refers to the Transcript of Motion Hearing held before the Honorable Barbara Crabb on April 11, 1985.

**4.** The government has not argued that the perjury issue was not adequately raised or that it is not properly before us or the district court.

**5.** We note that although this court has not yet decided the issue, *see Holleman v. United States*, 721 F.2d 1136, 1139 (7th Cir.1983), other courts

have held that the knowledge of a police officer or government agent may be attributable to the prosecution. *See Wedra v. Thomas*, 671 F.2d 713, 717 n. 1 (2d Cir.), *cert. denied*, 458 U.S. 1109, 102 S.Ct. 3491, 73 L.Ed.2d 1372 (1982); *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977); *Curran v. State of Delaware*, 259 F.2d 707, 712–13 (3d Cir.1958), *cert. denied*, 358 U.S. 948, 79 S.Ct. 355, 3 L.Ed.2d 353 (1959); *United States ex rel. Kowal v. Attorney General of Illinois*, 550 F.Supp. 447, 451 (N.D.Ill.1982); *see also Holleman*, 721 F.2d at 1141–42 (Swygert, J., dissenting).

credibility of the witness. *Bagley*, 105 S.Ct. at 3380–82 & n. 8; *Giglio*, 405 U.S. at 154, 92 S.Ct. at 766; *Napue*, 360 U.S. at 269, 79 S.Ct. at 1177; *Jackson*, at 1310 n. 3. The Court noted in *Napue* that "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue*, 360 U.S. at 269, 79 S.Ct. at 1177.

We think that false testimony that goes to the credibility of a witness is especially likely to be material when, as is the case for defendant Ostermeier, that witness' testimony comprises the bulk of the evidence against him. We note that the precise content of the statements that, according to Holm, Ostermeier made at the site of the "sting" may have been important to the jury's determination of Ostermeier's guilt. Hence Holm's credibility in this regard was important.

We remand to the district court to determine whether under the constitutional standard of *Napue*, the convictions of any of the three defendants who appealed should be set aside.