785 P.2d 687

**STATE of Idaho,**
**Plaintiff–Respondent–Cross–Appellant,**

v.

**Kenneth BRENNAN,**
**Defendant–Appellant–Cross–Respondent.**

**Nos. 17386, 17689.**

Court of Appeals of Idaho.

Jan. 8, 1990.

Brower & Callery, Lewiston, for defendant-appellant-cross-respondent. Thomas W. Callery argued.

Jim Jones, Atty. Gen., by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent-cross-appellant.

Before BURNETT and SWANSTROM, JJ., and HART, J. Pro Tem.

PER CURIAM.

Kenneth Brennan stands convicted on two counts of attempted robbery. Three issues are raised on appeal. First, were Brennan's *Miranda* rights violated during police interrogation? Second, should Brennan's motion for a change of venue have been granted? Third, should Brennan have been convicted of conspiracy to commit robbery rather than of attempted robbery? For reasons explained below we hold that a finding of fact must be made by the district court on the *Miranda* issue. Accordingly, we vacate the judgment of conviction and remand for proceedings in accordance with our opinion. We address the other issues for guidance on remand.

The facts are as follows. On June 19, 1987, Brennan allegedly drove Lee Ellenwood and Juan Sanchez to two different gas stations in Lewiston, Idaho. Ellenwood and Sanchez entered the stations to commit robberies, while Brennan remained in the vehicle. Brennan was arrested shortly after these incidents took place. A few days later, he made incriminating statements during a police interrogation. The state charged Brennan with two counts of attempted robbery, two counts of burglary, two counts of conspiracy to commit robbery and two counts of conspiracy to commit burglary.

Before trial, Brennan's counsel moved for suppression of the incriminating statements and for a change of venue. The motions were denied. Brennan was found guilty on all counts, but the district court entered judgment only on two counts of attempted robbery—thereby avoiding multiple convictions upon the same acts in violation of I.C. § 18–301. For the two attempted robberies, Brennan received concurrent sentences of fifteen years, each with a seven-year minimum period of confinement. Brennan appealed from the judgment, and he subsequently filed another appeal when the district court denied a motion to reduce the prison sentences under I.C.R. 35. However, in his briefs and his arguments to our Court, Brennan has raised issues relating solely to the adjudication of guilt. Our discussion will be similarly limited.

■ We first address the *Miranda* issue. The Fifth Amendment to the United States Constitution guarantees the right to have counsel present during a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The accused can invoke this right "in any manner and at any stage of the process." *Id.* at 444–45, 86 S.Ct. at 1612. *Miranda* also protects the accused's right to cut off questioning—a right which must be "scrupulously honored" by the police. *Michigan v. Mosley*, 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). Whenever an accused has invoked his right to counsel, he is not subject to further interrogation until counsel has been made available to him, unless he initiates further communication with the police. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). A narrow exception is recognized when an accused limits his request for counsel to a certain subject area or type of interrogation and expresses—without prompting by the police—a willingness to discuss other matters. *Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987).

Here, it is undisputed that Brennan invoked his right to counsel after being read his *Miranda* rights. It is also undisputed that during the police interrogation which followed his arrest, Brennan refused to discuss the events of June 19, 1987—the day when the attempted robberies occurred. However, he did discuss related events which occurred prior to that day. The question is whether he did so spontaneously or in response to questioning by the police. Brennan has contended that the police engaged in persistent questioning, in violation of *Edwards*. The state has argued that Brennan expressly limited his request for counsel to the events of June 19, and that he spontaneously indicated his willingness to talk about events on other days, as permitted by *Barrett*.

■ At the suppression hearing, the district court made general findings that Brennan's statements concerning events

prior to June 19 were voluntary, and that Brennan had agreed to discuss those events without an attorney being present. Unfortunately, the court never made a factual finding as to whether Brennan *sua sponte* limited his request for an attorney or whether he did so upon an officer's suggestion. Ordinarily, when a trial judge fails to make a necessary factual finding, we remand the case. We can disregard the absence of a finding only where the record is clear and yields an obvious answer to the question at hand. *State v. Barlow,* 113 Idaho 573, 746 P.2d 1032 (Ct.App.1987). We do not think the answer here is sufficiently plain to avoid a remand. The issue requires a weighing of evidence and credibility. Indeed, the district court expressed some doubt, during the suppression hearing, as to whether Brennan had spontaneously agreed to discuss certain events without an attorney present. Moreover, Brennan himself submitted an affidavit suggesting that he never limited his request for counsel. Consequently, we must vacate the judgment of conviction and remand the case for a particularized finding.

■ As guidance on remand, we will briefly address the other issues raised on appeal. Brennan contends that the judge erroneously denied his motion for change of venue due to pretrial publicity. We disagree. A motion for change of venue is directed to the sound discretion of the trial court. *State v. Hall,* 111 Idaho 827, 727 P.2d 1255 (Ct.App.1986) (review denied). The court must determine whether a reasonable likelihood exists that pretrial publicity has affected the impartiality of prospective jurors. *Id.* at 830, 727 P.2d at 1258. The court must consider the possible adverse effect on jury impartiality of both the quality and the quantity of pretrial media coverage. *Id.*

■ Here, although there was extensive media coverage, the record does not indicate any bias in the selected jury. Five of the jurors were unaware of the case, and another five indicated they had read or heard nothing recently. The remaining jurors had been exposed to media coverage of the case, but stated they would not be influenced by that information. Brennan's attorney did not attempt to strike any of these jurors for cause; neither did he utilize all of his peremptory challenges. Moreover, he submitted no affidavits demonstrating any prejudice in the community. Upon this record, we cannot say the district court abused its discretion by refusing to grant Brennan's motion for change of venue.

■ The remaining issue is that raised in a cross-appeal by the state. The question is whether the trial court—when entering judgment only upon two counts in light of I.C. § 18–301—should have chosen the two counts of conspiracy to commit robbery rather than the two counts of attempted robbery. In *State v. Gallatin,* 106 Idaho 564, 569, 682 P.2d 105, 110 (Ct.App.1984), our majority opinion held when a defendant is convicted of both a substantive offense and a conspiracy to commit that offense, and when the defendant's conduct is one continuous act, the defendant should be convicted of the conspiracy count rather than the substantive offense. A dissenting opinion suggested that conspiracy should be chosen only if the Legislature has made it the more significant offense by attaching a more severe penalty to it. In this case, however, both opinions point toward choosing the conspiracy counts over the attempted robbery counts. Conspiracy to commit robbery carries the same maximum penalty as robbery itself—life imprisonment. I.C. §§ 18–1701, 18–6503. Attempted robbery carries a potential penalty equal to half of the statutory maximum for robbery. I.C. § 18–306. Consequently, if the district court has occasion to enter another judgment on remand, it should do so on the conspiracy counts.

The judgment of conviction is vacated. The case is remanded for proceedings in accordance with this opinion.