1 P.3d 828

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John D. KEETCH, Defendant–Appellant.**

**No. 25310.**

Court of Appeals of Idaho.

May 10, 2000.

Meyers, Thomsen Larson, LLP, Pocatello, for appellant. A. Bruce Larson, argued.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

LANSING, Judge.

John Keetch was charged with misdemeanor driving under the influence of alcohol. The day before the scheduled jury trial, the State filed a motion and supporting affidavit requesting a continuance. The magistrate denied the State's motion for a continuance and granted the defendant's oral motion to dismiss the charge. The State appealed to the district court, which reversed the magistrate's decision and remanded the case for trial. Keetch now further appeals, requesting that the magistrate's order of dismissal be reinstated or that the matter be remanded to the magistrate for issuance of a written decision stating the magistrate's reasons for the dismissal.

## FACTS AND PROCEDURAL HISTORY

While driving in Bear Lake County, John Keetch was cited by Idaho State Patrol Officer Ed Holbert for misdemeanor driving under the influence of alcohol (DUI), Idaho Code § 18–8004. In early April 1998, the magistrate issued an order scheduling the case for trial on May 19, 1998. This scheduling order specified:

> The court will be notified *within five (5) days hereof* of any pre-existing schedule conflict. No other motion for continuance will be considered except upon written motion and hearing pursuant to notice and attended by *counsel and the parties*, together with a written waiver of Speedy Trial Rights signed by Defendant and approved by Defendant's counsel.

(Emphasis in original.) In compliance with that order, defense counsel notified the magistrate within five days of a schedule conflict with the May 19 trial date, and the magistrate reset the trial for June 26, 1998.

The Bear Lake County prosecutor's office did not issue subpoenas for the State's witnesses until June 22. On that date, the

prosecutor's secretary learned that Officer Holbert had been transferred to the Coeur d'Alene area in northern Idaho. She then faxed the subpoena to him at his new location. She also spoke by telephone with a person named Camile at the State Police regional office in Pocatello, where Holbert had previously been stationed. Camile assured the prosecutor's secretary that Officer Holbert was aware of the trial date, was already en route, and was expected in the Bear Lake County area on June 24. This information was incorrect, however. In actuality, Holbert had traveled to neighboring Caribou County on another matter that same week, but then drove back to northern Idaho on June 25, never having been informed of the subpoena for Keetch's trial. Upon arriving back at his northern Idaho office on June 25, Officer Holbert found the subpoena. He telephoned the prosecutor, informing him that, because of the length of the drive, he could not be present at the trial the next morning.

Upon receiving this information, the prosecutor filed a motion for a continuance at 4:00 p.m. on June 25. The motion was supported by affidavits of the prosecutor and his secretary. The prosecutor's affidavit stated that "Ed Holbert is a material witness in the above entitled case, whose presence is necessary for the State to sustain its burden of proof." On the morning of June 26, the magistrate excused the jury panel and then conducted a hearing on the motion for a continuance. In response to the State's motion, Keetch's attorney argued that a continuance would prejudice his client. At the conclusion of his argument, he moved for dismissal of the charge as follows: "[T]he State is unable to prove the case, therefore, by their own admission. We would request that the Court dismiss this matter." The court, after hearing the arguments, concluded, "I think pursuant to the rules, the court has really no alternative but to grant [the] defense motion and deny [the] state's motion for continuance." The magistrate thereafter issued a "minute entry and order" which formalized the decision. The order stated no grounds for the denial of the continuance or for the dismissal.

The State appealed the magistrate's decision to the district court. The State argued in its brief that the magistrate was required, under Idaho Criminal Rule 48(b), to state the reasons for the dismissal and that because the magistrate failed to do so, the case should be remanded for trial. At oral argument before the district court, the prosecutor also asserted that, although the absence of Officer Holbert was detrimental, the State had other witnesses and could have proceeded with the trial. The prosecutor argued that the unilateral decision by the magistrate to excuse the jury was not sufficient grounds for dismissing the case. Keetch responded that in this situation, where there was a technical violation of I.C.R. 48(b), the district court's only two alternatives were to either remand the case to the magistrate for issuance of an order explaining the magistrate's reason for dismissing the case or to review the evidence that was before the magistrate and hold that the violation of Rule 48(b) was harmless error. The district court accepted the prosecutor's argument, reversed the dismissal order, and remanded the case to the magistrate division for a trial.

Keetch now appeals the decision of the district court.

## ANALYSIS

■ When presented with an appeal from a decision of the district court rendered in its appellate capacity, we review the record before the magistrate independently of, but with attention to, the district court's decision. *State v. Thompson,* 130 Idaho 819, 821, 948 P.2d 174, 176 (Ct.App.1997); *State v. Morales,* 127 Idaho 951, 953, 908 P.2d 1258, 1260 (Ct.App.1996); *State v. Carr,* 128 Idaho 181, 183, 911 P.2d 774, 776 (Ct.App.1995). The State's motion for a continuance and Keetch's motion to dismiss the charge presented the magistrate with discretionary issues. *State v. Tapia,* 127 Idaho 249, 255, 899 P.2d 959, 965 (1995); *State v. Ransom,* 124 Idaho 703, 706, 864 P.2d 149, 152 (1993); *State v. Burchard,* 123 Idaho 382, 385, 848 P.2d 440, 443 (Ct.App.1993). When a trial court's exercise of discretion is challenged on appeal, we examine the decision to determine: (1) whether the lower court correctly

perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistent with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The magistrate's dismissal in this case was subject to I.C.R. 48(b), which provides, "When a court dismisses a criminal action upon its own motion or upon the motion of any party under this rule, it shall state in the order of dismissal its reasons for such dismissal." This rule unambiguously requires a trial court to explain its reasoning in the order of dismissal. The magistrate here did not comply with this requirement.

The magistrate's failure to express his reasons for concluding that dismissal was warranted makes it impossible for this Court to evaluate the propriety of that decision. We cannot ascertain whether the magistrate correctly perceived the issue as one of discretion, correctly understood and applied pertinent legal standards, or reached his decision by an exercise of reason.

The State urges that we nonetheless affirm the district court's decision, reversing the dismissal order, .on the ground that the dismissal was unjustified as a matter of law. However, such a course of action would be inappropriate. We cannot say that the circumstances presented on the State's motion for a continuance and Keetch's countervailing motion to dismiss permitted only one "right" response from the magistrate or that a grant or denial of either motion would inevitably constitute an abuse of the magistrate's discretion. Contrary to the State's argument, the magistrate did not improperly deprive the State of an opportunity to go forward with the trial in Officer Holbert's absence, for the prosecutor had already conceded that the State could not prove its case without Officer Holbert. As noted above, the prosecutor's affidavit in support of his motion for a continuance stated that Officer Holbert's presence "is necessary for the State to sustain its burden of proof."

In this circumstance, the appropriate appellate response is not to substitute our discretionary determination for that of the magistrate, but to remand for an explanation of the reasons underlying the magistrate's decision. *See State v. Brennan,* 117 Idaho 123, 124–25, 785 P.2d 687, 688–89 (Ct.App. 1990); *State v. Wren,* 115 Idaho 618, 625–26, 768 P.2d 1351, 1358–59 (Ct.App.1989); *State v. Morgan,* 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct.App.1985). Accordingly, we remand this case to the magistrate division of the district court with direction that the magistrate issue a written decision stating his reasons for granting the dismissal. If the State finds these articulated reasons to be unsatisfactory, it may again pursue an appeal. With an order explaining the reasons for the magistrate's decision then available, an appellate court on such a second appeal should be able to assess whether the decision was an abuse of the magistrate's discretion.[1]

The decision of the district court reversing the magistrate's dismissal order and remanding the case for trial is reversed, and this case is remanded to the magistrate for further proceedings in compliance with this opinion.

Chief Judge PERRY and Judge Pro Tem BURDICK concur.

---

1. It is apparent that it would have been far more expeditious for the prosecutor to have simply requested that the magistrate issue a written decision in compliance with I.C.R. 48 rather than immediately taking an appeal to the district court predicated upon the magistrate's noncompliance with that rule.