UNITED STATES of America,
Plaintiff-Appellee,

v.

James W. McCARTY,
Defendant-Appellant.

Nos. 80–2231, 81–1021
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1982.
Rehearing and Rehearing En Banc
Denied Feb. 8, 1982.

James W. McCarty, pro se.

David R. Bickel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

The defendant McCarty was convicted on three counts of a wilful and knowing failure to file income tax returns (for the years 1974, 1975, and 1976). 26 U.S.C. § 7203. His two appeals before us arise out of that prosecution: by the first (No. 80–2231), he appeals the denial of his motion to dismiss the criminal prosecution for the lack of district court jurisdiction; by the second (No. 81–1021), he appeals from his conviction. The contentions raised by these pro se appeals are without legal merit, and we affirm.

*Lack of Jurisdiction*

We have some difficulty understanding the defendant's contentions that the district court lacked jurisdiction to try him for this violation of the federal tax laws. The contentions are advanced in a many-faceted and somewhat confusing lengthy brief. If we can understand the thrust of the contentions (which also seem to include an assertion that the defendant is immune from criminal prosecution because the income tax law is unconstitutional and its provisions are unconstitutionally vague), the defendant seems to assert that the executive agencies are the exclusive governmental organ to determine tax liability, and that therefore a judicial criminal prosecution is not authorized for noncompliance with tax return regulations—district court jurisdiction, if any, is limited only to judicial review of the administrative determination of a taxpayer's tax liability. The defendant was of the view that the matter should be remanded to the Internal Revenue Service.

No authority whatsoever supports the defendant's contentions. They are without perceivable merit. The prosecution was instituted in a district court with jurisdiction over violations of 26 U.S.C. § 7203 and in which venue was proper. See: 18 U.S.C. § 3231 (jurisdiction of district court over offenses against laws of the United States); 26 U.S.C. §§ 6012, 6091, and 7203 (substantive offense and venue of its commission); *United States v. Rice*, 659 F.2d 524, 526 (5th Cir. 1981). No authority or rational reason is advanced in support of the defendant's contention that the government may not prosecute criminally for a violation of its tax laws, whether or not the government additionally seeks to enforce any civil liability for the nonpayment of taxes due.

### The Criminal Conviction Itself

In his appeal from the conviction itself, the defendant complains of inadequate instructions and also that he was not subject to any federal income tax since the Sixteenth Amendment did not really change the former constitutional requirement that direct taxation be apportioned according to population. This latter argument is made in the face of the express language of the Amendment,[1] its undoubted express intention, and an unbroken line of jurisprudence to the contrary. *See, e. g., Lonsdale v. C.I.R.*, 661 F.2d 71, 72 (5th Cir. 1981). The other contentions are equally without merit.

The substance of these contentions as to improper instructions is that they prejudiced the defendant in his contention that the only issue before the jury was his own subjective good faith belief that he had filed his income tax returns for 1974, 1975, and 1976 in compliance with law. (These returns disclosed only his name, address, social security number and occupation—but no numerical information as to income, instead a Fifth Amendment privilege against disclosing same.)

The defendant complains that, therefore, the instruction defining "wilfully" as meaning "a voluntary, intentional violation of a legal duty" incorrectly instructed the jury to apply, not the subjective standard required, but instead an objective standard of what a reasonable taxpayer would believe. To similar effect are the defendant's complaints of the instruction "that the statutory requirement to file a return does not violate a taxpayer's right against self-incrimination." However, both instructions correctly state the applicable legal principles. *See, e. g.*, as to "wilfully": *United States v. Brown*, 548 F.2d 1194, 1199 (5th Cir. 1977) and *United States v. Douglass*, 476 F.2d 260, 263–64 (5th Cir. 1973); and, as to the self-incrimination instruction, *United States v. Johnson*, 577 F.2d 1304, 1310–11 (5th Cir. 1978).

Here, the district court *did* submit the defendant's good faith defense to the jury on adequate instructions.[2] See *Johnson, supra*, 577 F.2d at 1304: "The Fifth Amendment privilege protects the erroneous taxpayer by providing a defense to the prosecution if the jury finds that the claim, though erroneous, was made in good faith." On adequate evidence, the jury rejected the defendant's "good faith" defense.

The defendant's apparent position is that the charge to the jury should have instructed it that, if the testimony that he *believed* the constitution excused him from obeying the law, then the jury must find the accused "not guilty", even though the evidence overwhelmingly shows that the accused should subjectively have known that his belief was unfounded. We find no support for the contention that an accused's blind assertion of his own good faith must

1. The Sixteenth Amendment provides: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."

2. See the district court's charge to the jury at R.I, p. 166:

"If a person in good faith believes that he had done all that the law requires, he cannot be guilty of the criminal intent to wilfully fail to file a tax return. But if a person acts without reasonable ground for belief that his conduct is lawful, it is for the jury to decide whether he acted in good faith or whether he wilfully intended to fail to file a tax return."

excuse him from criminal liability for his own intentional acts knowingly violating the letter of the law.

*Conclusion*

Accordingly, we AFFIRM the convictions.

AFFIRMED.