EVELYN R. BISSELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bissell v. Commissioner
Docket No. 7280-89
United States Tax Court
T.C. Memo 1991-163; 1991 Tax Ct. Memo LEXIS 182; 61 T.C.M. (CCH) 2385; T.C.M. (RIA) 91163; April 10, 1991, Filed *182 Decision will be entered for the respondent. Evelyn R. Bissell, pro se. Richard Hunn, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code. All section references are to the Internal Revenue Code as in effect for the year in issue. Respondent determined the following deficiency in, and additions to, petitioner's 1985 Federal income tax: Deficiency
$ 4,275.00
Additions to Tax
Section 6651(a)(1)
1,041.50
Section 6653(a)(1)
213.75
Section 6653(a)(2)
50 percent of the interest
due on the underpayment of
$ 4,166.00
Section 6654(a)
237.00
At trial, respondent filed a Motion for Imposition of Penalty Pursuant to I.R.C. § 6673, which we took under advisement. The issues for decision are (1) whether petitioner failed to report wage income in the amount of $ 25,487.32; (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely tax return; (3) whether petitioner is liable for the additions to tax under section 6653(a) for negligence or intentional disregard of the rules and *183 regulations; (4) whether petitioner is liable for the addition to tax under section 6654(a) for failure to pay estimated tax, and (5) whether petitioner should pay a penalty to the United States under section 6673(a). Petitioner resided in Houston, Texas, when she filed her petition. Most of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner, a single individual, is a registered nurse. She graduated high school and received her nursing diploma from Allen Memorial Lutheran School of Nursing at Waterloo, Iowa. During 1985, petitioner worked for the employers listed below and received wages as follows: Employer
Wages Received
Pasadena Bayshore Medical Center
$ 14,604.80
Fort Bend Community Hospital
7,513.63
Sharpstown General Hospital
1,547.19
Bowden Pediatric Nursing
Service, Inc.
1,821.70
Total Wages Received
$ 25,487.32
The only Federal income taxes withheld in 1985 were by Fort Bend Community Hospital and Bowden Pediatric Nursing Service, Inc., in the respective amounts of $ 91.71 and $ 18.77. Petitioner admits that she did not file a Federal income *184 tax return for 1985. This is not the first time petitioner has appeared before this Court. In the case captioned Evelyn Bissell, Petitioner v. Commissioner of Internal Revenue, Respondent, at docket No. 7838-86, petitioner sought a redetermination of deficiencies in Federal income tax and additions to tax for the taxable years 1981, 1982, and 1983. The case was heard in Houston, Texas, on February 2, 1987. Like this case, petitioner failed to file returns for 1981, 1982, and 1983 so that the deficiencies and additions to tax under sections 6651(a)(1) and 6653(a) determined by respondent were sustained. In our oral findings of fact and opinion rendered February 2, 1987, we categorized petitioner as a "tax protestor" and noted that her brief contained the same wornout arguments repeatedly rejected by this and other courts. The same is true in this case. The gist of petitioner's argument is that after making "a careful study of the tax laws" and "prior relevant decisions of the United States Supreme Court," she is not required to file a Federal income tax return because she did not receive any "taxable income" and because taxing wage income is unconstitutional. By addressing *185 petitioner's contentions we hope that she will see the error of her misguided beliefs. The determination made by respondent in his notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a); Tax Court Rules of Practice and Procedure. In Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 60 L. Ed. 493, 36 S. Ct. 236 (1916), the Supreme Court held that the Tariff Act of 1913 which provided, among other things, for a general yearly income tax at progressively increasing tax rates and withholding of the tax at the source was constitutional. The Supreme Court pointedly noted in Brushaber, that the Sixteenth Amendment did not bestow taxing power, it merely eliminated the requirement that the income tax be apportioned among the states. The Amendment was drawn for the purpose of doing away in the future with the principles upon which Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 39 L. Ed. 759, 15 S. Ct. 673 (1895), was decided. Brushaber v. Union Pacific Railroad Co., supra at 18. It is clear that the income tax on wages is constitutional. Every court that has addressed the issue of the constitutionality of the income *186 tax on wages, section 61(a), has held the statute valid. Stelly v. Commissioner, 761 F.2d 1113, 1115 (5th Cir. 1985), and the cases cited therein. See also, e.g., Parker v. Commissioner, 724 F.2d 469, 471 (5th Cir. 1984); United States v. McCarty, 665 F.2d 596 (5th Cir. 1982); Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981). We note with interest the following passage in United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981): Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income taxes currently applicable. We recognize that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical *187 theories of tax avoidance, all to the detriment of the common weal and of themselves.
The foregoing language in Romero is equally applicable here. Petitioner was required to file a valid Federal income tax return for 1985. Secs. 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs. An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's point that "shall" in section 6012 means that a taxpayer "may" file her income tax return, when and if she so chooses, is without merit. "Shall," as used in section 6012, means that a taxpayer must file an income tax return when required to do so by that section. United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983); Pascoe v. Internal Revenue Service, 580 F. Supp. 649, 653 (E.D. Mich. 1984), affd. without published opinion 755 F.2d 932 (6th Cir. 1985). For 1985, petitioner's gross income, as defined in section 61(a), was well in excess of the minimums in section 6012. Therefore, she was required to file a return and pay tax which are imposed *188 in accordance with section 1(a) on every person filing such return. Based on the foregoing, we hold that petitioner failed to report wage income of $ 25,487.82 for 1985. However, respondent's determination of unreported income in the notice of deficiency was $ 25,485, and he is sustained in this amount. Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1985. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. Baldwin v. Commissioner, 84 T.C. 859, 870 (1985); Rule 142(a). Petitioner admits that she failed to file a timely return and has presented no legal justification for doing so. Therefore, respondent is sustained as to the addition to tax under section 6651(a)(1). Respondent also determined additions to tax under section 6653(a) for negligence or intentional disregard for the rules and regulations for 1985. Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). *189 Negligence, under section 6653(a), is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We think the facts in this case demonstrate beyond a reasonable doubt that petitioner was negligent. She has not met her burden of proving otherwise. Therefore, we sustain respondent's determination as to the additions to tax under section 6653(a). Additionally, respondent determined an addition to tax under section 6654(a) for underpayment of estimated tax. Generally, section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. However, the addition is not imposed if the taxpayer can show that one of several statutory exceptions applies in this case. Sec. 6654(e); Grosshandler v. Commissioner; 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner has not shown that any of these exceptions *190 applies. Therefore, she is liable for the section 6654(a) addition to tax for 1985. Finally, we turn to respondent's motion for a penalty pursuant to section 6673(a)(1). This section provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision may require the taxpayer to pay the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner instituted and maintained this proceeding primarily for delay. At the time she filed her petition in this case on March 28, 1989, she had previously appeared before us and was well aware that her arguments were discredited and totally rejected by this Court and other courts. The purpose of section 6673 is to compel a taxpayer to think and to conform her conduct to settled principles before she litigates. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, *191 colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Based upon established law, petitioner's position is both frivolous and groundless. Because we find that this proceeding has been instituted and maintained by petitioner primarily for delay and that her position is both frivolous and groundless, respondent's motion is granted and we impose a $ 3,000 penalty on petitioner. Decision will be entered for the respondent.