ACCEPTED
03-14-00538-CR
4584067
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 3:01:06 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00538-CR

IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 3:01:06 PM
JEFFREY D. KYLE
Clerk

## Gary Don Ray
Appellant

v.

## The State of Texas
Appellee

On Appeal from the 452nd District Court of McCulloch County in Cause No.
5840; the Honorable Robert R. Hofmann, Judge Presiding

# State's Brief

Submitted by:

**Tonya Spaeth Ahlschwede**
District Attorney, 452nd District Court
Post Office Box 635
Mason, Texas 76856
eMail: tsa@452da.net
Tel: 325-347-8400
Fax: 325-347-8404
State Bar Card No. 24025656

**Oral Argument Conditionally Requested**

# Identity of Parties and Counsel

Pursuant to the Rules of Appellate Procedure ("Tex.R.App.Pro."), the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

## Appellant

### Gary Don Ray

| Trial Counsel | Appellate Counsel |
|---|---|
| **Jason Johnson** | **M. Patrick Maguire** |
| SBN 24029637 | SBN 24002515 |
| **Genetha Chastain** | 945 Barnett Street |
| SBN 24036356 | Kerrville, Texas 78028 |
| 600 N. Fisk Ave. | |
| Brownwood, Texas 76801 | |

## State of Texas

### Tonya Spaeth Ahlschwede
District Attorney, 452nd District Court
Post Office Box 635
Mason, Texas 76856

| Trial Counsel | Appellate Counsel |
|---|---|
| **Tonya Ahlschwede** | **Tonya Ahlschwede** |
| SBN 24025656 | SBN 24025656 |
| **Steve Lupton** | |
| SBN 12699700 | |

i

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Issues Presented in Appellant's Brief. . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Note About Abbreviations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Appellant's Point of Error Restated. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

> The Lack of a Policy to Determine Who Should Be Excluded from a
> Public Hospital Violates Appellant's Procedural Due Process Rights.
> Therefore, Appellant's Conviction Should Be Reversed and a
> Judgment of Acquittal Rendered Because the Evidence Is Legally
> Insufficient to Support a Conviction for Criminal Trespass.

The State's Counter Point. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

> The Evidence Was Legally Sufficient to Support the Judgment of
> Conviction.

Facts Relevant to Counter-Point. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the State's Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument & Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance and Delivery. . . . . . . . . . . . . . . . . . . . . . . . 22

# Index of Authorities

**Federal Cases**:

***Board of Regents of State Colleges v. Roth***, 408 U.S. 564 (1972). . . . . . . . 16

***Hayward v. Day***, 446 U.S. 969 (1980).. . . . . . . . . . . . . . . . . . . . . . . . 10

***Hayward v. Day***, 619 F.2d 716 (1980). . . . . . . . . . . . . . . . . . . . . . . . 10

***Jackson v. Virginia***, 443 U.S. 307 (1979).. . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

***Logan v. Zimmerman Brush Co.***, 455 U.S. 422 (1982). . . . . . . . . . . . . . . 16

***United States v. Albertini***, 472 U.S. 675 (1985). . . . . . . . . . . . . . . . . . 11

***United States v. Erickson***, 459 U.S. 853 (1982). . . . . . . . . . . . . . . . . . 10

***United States v. Erickson***, 676 F.2d 408 (1982). . . . . . . . . . . . . . . . . . 10

***United States v. McCarty***, 456 U.S. 991 (1982). . . . . . . . . . . . . . . . . . 10

***United States v. McCarty***, 665 F.2d 596 (5th Cir. 1982).. . . . . . . . . . . . . 10

***United States v. Smith***, 449 U.S. 868 (1980).. . . . . . . . . . . . . . . . . . . . 10

***United States v. Smith***, 618 F.2d 280 (5th Cir. 1980). . . . . . . . . . . . . . . 10

**Texas Cases**:

***Anthony v. State***, 209 S.W.3d 296
    (Tex.App - Texarkana 2006).. . . . . . . . . . . . . . . . 13, 14, 16, 18, 19

***Bader v. State***, 15 S.W.3d 599 (Tex.App. - Austin 2009). . . . . . . . . . . . . . 6

***Brooks v. State***, 323 S.W.3d 893 (Tex.Cr.App. 2010). . . . . . . . . . . . . . . 4, 7

***Curry v. State***, 910 S.W.2d 490 (Tex.Cr.App. 1995). . . . . . . . . . . . . . . . 20

# Index of Authorities
### (CONT)

**Texas Cases** (CONT):

***Dewberry v. State***, 4 S.W.3d 735 (Tex.Cr.App. 1999). . . . . . . . . . . . . . . . . 5

***Ex parte Granviel***, 561 S.W.2d 503 (Tex.Cr.App. 1978). . . . . . . . . . . . . . . 18

***Ex parte Montgomery***, 894 S.W.2d 324 (Tex.Cr.App. 1995). . . . . . . . . . . . 16

***Gollihar v. State***, 46 S.W.3d 243 (Tex.Cr.App. 2001). . . . . . . . . . . . 4, 5, 20

***Hooper v. State***, 214 S.W.3d 9 (Tex.Cr.App. 2007). . . . . . . . . . . . . . . . . . . 5

***Johnson v. State***, 364 S.W.3d 292 (Tex.Cr.App. 2012). . . . . . . . . . . . . . 5, 20

***Karenev v. State***, 281 S.W.3d 428 (Tex.Cr.App. 2009).. . . . . . . . . . . . . 19, 20

***Madden v. State***, 799 S.W.2d 683 (Tex.Cr.App. 1990).. . . . . . . . . . . . . . . 20

***Malik v. State***, 953 S.W.2d 234 (Tex.Cr.App. 1997). . . . . . . . . . . . . . . 5, 20

***Roberson v. State***, 420 S.W.3d 832 (Tex.Cr.App. 2013).. . . . . . . . . . . . 5, 20

***Univ. of Texas Med. Sch. at Houston v. Than***,
     901 S.W.2d 926 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

***Williams v. State***, 937 S.W.2d 479 (Tex.Cr.App. 1996). . . . . . . . . . . . . . . 20

***Wilson v. State***, 448 S.W.3d 418 (Tex.Cr.App. 2014. . . . . . . . . . . . . . . . . . 4

***Yoc-H v. State***, No. 07-13-00222-CR
     (Tex.App - Amarillo, April 28, 2014) . . . . . . . . . . . . . . . . . . . . . 17, 18

# Index of Authorities
(CONT)

## Texas Statutes / Codes:

Penal Code

Section 30.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Section 30.05(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Section 30.05(a)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Section 30.05(b)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Statement of the Case

The following is a brief general statement of the nature of the cause or offense:

Appellant was charged by information with the offense of Criminal Trespass of a Habitation (CR 11). Appellant pled not guilty to a jury on July 21, 2014 (RR Vol. 3, P. 31). The jury found Appellant guilty (RR Vol. 4, P. 266). The trial court sentenced Appellant to 270 days in the McCulloch County Jail and assessed a $4,000 fine (RR Vol. 4, P. 294; CR 248). Appellant timely filed his notice of appeal.

## Issues Presented in Appellant's Brief

The following are the points upon Appellant has predicated his appeal:

**The Lack of a Policy to Determine Who Should Be Excluded from a Public Hospital Violates Appellant's Procedural Due Process Rights. Therefore, Appellant's Conviction Should Be Reversed and a Judgment of Acquittal Rendered Because the Evidence Is Legally Insufficient to Support a Conviction for Criminal Trespass.**

## Statement Regarding Oral Argument

The State requests oral argument only if Appellant is granted oral argument.

## Note About Abbreviations

In this brief, the State refers to the Clerk's Record as "CR" followed by the appropriate page: e.g., "(CR 123)." The State refers to the Reporter's Record as "RR" followed by the volume, page and line numbers: e.g., "(RR Vol. 3, P. 47, L. 12-15).

No. 03-14-00538-CR

IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

**Gary Don Ray**
Appellant

v.

**The State of Texas**
Appellee

On Appeal from the 452nd District Court of McCulloch County in Cause No.
5840; the Honorable Robert R. Hofmann, Judge Presiding

# State's Brief

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, the State of Texas, Appellee in the above styled and numbered cause, by and through her duly elected District Attorney, and respectfully files the State's Brief, and would show the Court as follows:

## Statement of Facts

In November 2012, Brady Hospital CEO Tim Jones wrote a letter to Appellant and others saying that the hospital was not going to continue the "temporary charity adjustment" by which certain fees were paid (RR Vol. 3, P. 51). People who got that letter also got a letter stating that they would have to

1

apply for the indigent care program (RR Vol. 3, P. 51), and that this change was effective January 1, 2013 (RR Vol. 3, P. 51). Appellant continued to get the allergy shots he had been receiving, but which had been paid for by the charity plan, even after the effective date of the letter (RR Vol. 3, P. 52).

On September 13, 2013, Appellant entered the hospital and had a confrontation with Mr. Jones, which left Mr. Jones shaken (RR Vol. 3, PP. 52-53). During this confrontation, Appellant made a pistol like gesture, which Jones took as a threat. Jones called the police and discussed the situation with Chief Derrick (RR Vol. 3, P. 53).

Appellant was issued a Criminal Trespass Warning directing him not to enter the hospital unless for medical emergencies (RR Vol. 4, PP. 12, 221; (RR Vol. 5, P. 7). Nevertheless, he returned to the hospital on October 2, 2013, as an intentional act of "civil disobedience" (RR Vol. 4, P. 222), and was arrested (RR Vol. 3, P. 59; RR Vol. 4, P. 17). He said nothing when arrested (RR Vol. 3, P. 59).

Appellant returned to the hospital on October 3, 2013, was arrested again (RR Vol. 3, PP. 59-60; RR Vol. 4, P. 15). When Appellant bonded out from the arrest on the 2nd, he had been warned by the judge who conducted the

magistration, to not return to the hospital (RR Vol. 4, PP. 16-17). The written warning given to Appellant stated that he would not be denied needed medical assistance (RR Vol. 3, P. 60), and, prior to both arrests, Appellant was asked whether there was an emergency. On both occasions, he denied any medical reason for the violation of the trespass warning (RR Vol. 4, PP. 15, 31).

## Appellant's Point of Error Restated

**The Lack of a Policy to Determine Who Should Be Excluded from a Public Hospital Violates Appellant's Procedural Due Process Rights. Therefore, Appellant's Conviction Should Be Reversed and a Judgment of Acquittal Rendered Because the Evidence Is Legally Insufficient to Support a Conviction for Criminal Trespass.**

## The State's Counter Point

**The Evidence Was Legally Sufficient to Support the Judgment of Conviction.**

## Facts Relevant to Counter-Point

The State relies on its statement of facts set out herein, as well as additional facts set out within the argument as necessary.

## Summary of the State's Argument

The sufficiency of the evidence is measured against the charging instrument and a hypothetically correct jury charge for the offense charged. When measured in this manner, the evidence is more than sufficient to support the jury's finding of guilt.

## Argument & Authorities

Appellant challenges the sufficiency of the evidence to support the conviction for criminal trespass of a habitation. When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, it must be determined whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979); see also *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Cr.App. 2010); *Wilson v. State*, 448 S.W.3d 418, 425 (Tex.Cr.App. 2014.

The Due Process Clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Gollihar v. State*, 46 S.W.3d 243 (Tex.Cr.App. 2001). Sufficiency of the evidence is measured by the elements of the offense as defined

4

by a hypothetically correct jury charge. *Roberson v. State*, 420 S.W.3d 832, 840 (Tex.Cr.App. 2013); see also *Johnson v. State*, 364 S.W.3d 292, 294 (Tex.Cr.App. 2012); *Gollihar*, 46 S.W.3d at 245; *Malik v. State*, 953 S.W.2d 234, 235 (Tex.Cr.App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Johnson*, 364 S.W.3d at 294.

In reviewing the sufficiency of the evidence, the appellate court's role is not to substitute itself as a thirteenth juror. This Court may not re-evaluate the weight and credibility of the record evidence and thereby substitute a judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Cr.App. 1999). Reviewing courts must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Cr.App. 2007), quoting *Jackson*, 443 U.S. at 318-319.

When an examination of all of the evidence in the light most favorable to the verdict is made, as required, it is clear that the jury in the case at bar acted as

5

rational triers of fact in finding the State proved all of the essential elements of the offense.

Appellant was prosecuted for, and convicted of, Criminal Trespass of a Habitation, a Class "A" misdemeanor under Penal Code § 30.05. That statute states:

> (a)   A person commits an offense if the person enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person:
>
> > (1)   had notice that the entry was forbidden; or
> >
> > (2)   received notice to depart but failed to do so.

The information charged that Appellant

> "did then and there intentionally or knowingly enter a habitation, namely Heart of Texas Health Care System, Brady, Texas 76825, without the effective consent of the said Tim Jones, acting for Heart of Texas Health Care System, and the said defendant had notice that the entry was forbidden . . ."

(CR 11). Thus, based on Penal Code § 30.05(a)(1) and the information in this case, the State had to prove that Appellant ❶ intentionally or knowingly, ❷ entered or remained in the Heart of Texas Care System, ❸ after having received notice that his entry was forbidden. See *Bader v. State*, 15 S.W.3d 599, 606 (Tex.App. - Austin 2009).

6

Through his testimony, Appellant admitted that:

❶ He had been served with the criminal trespass warning on September 27, 2013 (RR Vol. 4, P. 221).

❷ He was arrested at the hospital on October 2 (RR Vol. 4, P. 221).

❸ He returned as an act of civil disobedience (RR Vol. 4, P. 222).

❹ He returned to the hospital on the October 3, 2013, and was arrested again, all for the same reasons (RR Vol. 4, P. 223).

❺ He had received written notification not to return to the hospital (RR Vol. 4, P. 228).

Consequently, each and every element of the charged offense was admitted, and the evidence was sufficient under the ***Jackson*** / ***Brooks*** standard.

The notice requirement of the criminal trespass statute is set out in Penal Code § 30.05(b)(2)(B), which states:

**(2)** "Notice" means:

    **(A)** oral or written communication by the owner or someone with apparent authority to act for the owner;

    **(B)** fencing or other enclosure obviously designed to exclude intruders or to contain livestock;

    **(C)** a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden;

    **(D)** the placement of identifying purple paint marks on trees or posts on the property, provided that the marks are:

(i) vertical lines of not less than eight inches in length and not less than one inch in width;

(ii) placed so that the bottom of the mark is not less than three feet from the ground or more than five feet from the ground; and

(iii) placed at locations that are readily visible to any person approaching the property and no more than:

(a) 100 feet apart on forest land; or

(b) 1,000 feet apart on land other than forest land; or

(E) the visible presence on the property of a crop grown for human consumption that is under cultivation, in the process of being harvested, or marketable if harvested at the time of entry.

In this case, the evidence is absolutely clear that notice was given pursuant to Penal Code § 30.05(A) (RR Vol. 4, PP. 12, 56, 221). Not only was written notice served on Appellant (RR Vol. 4, PP. 56, 221), but he was also warned by a magistrate after bonding out of custody for an arrest on October 2, 2013, that he was forbidden to return to the hospital (RR Vol. 4, PP. 16-17).

The jury was charged, consistently with Penal Code § 30.05 (A), that the following was the definition of notice,

"Notice" means oral or written communication by the owner or someone with apparent authority to act for the owner.

(CR 213).

8

That the statutory notice had been given is clear from the record. In spite of receiving the notice Appellant made a willful and considered choice to violate the order (RR Vol. 4, PP. 221–223). Appellant returned to the hospital on October 2, 2013, as an act of civil disobedience and was arrested (RR Vol. 4, P. 221). He returned the next day, the date of the charged offense, for the same reason, and was, again, arrested (RR Vol. 4, P. 223).

In his brief Appellant states that he returned to the hospital because he wanted someone to explain why he couldn't go into the hospital for which he paid taxes.[1] He states that the issue at trial centered around whether there was sufficient basis and authority for the issuance of a criminal trespass warning. The State would respectfully disagree. The issue at trial was whether the Appellant violated the statute as charged. Nevertheless, Appellant continues in his brief and attempts to bring in several factors which, the State submits, have nothing to do with an analysis of the sufficiency of the evidence.

In his arguments, Appellant neglects those cases which show that those who refuse to perform an act required by a statute, such as pay taxes, when they are not asserting any misapprehension of the duty imposed by the statute, engage in

---

[1] Appellant's Brief, P. 13.

9

a willful act, and they must suffer the penalties attending their act of civil disobedience. *United States v. Smith*, 618 F.2d 280, 282 (5th Cir.), *cert*. denied, 449 U.S. 868 (1980). Those who believe, even in good faith, that the laws are unconstitutional are willful violators of the law if they understand the obligations the statute purports to impose upon them. *United States v. McCarty*, 665 F.2d 596, 597 (5th Cir.), *cert*. denied, 456 U.S. 991 (1982).

One who believes a statute to be unconstitutional is entitled to challenge it in court but disobeys it only at the risk of criminal penalties should the constitutionality of the statute be upheld. A defendant's good faith belief that the statute is unconstitutional does not negate the willfulness of his defiance of the statute, and such a defendant is not entitled to a jury instruction that his belief in the statute's unconstitutionality shields him from liability for willful violation of the statute. *McCarty*, 665 F.2d at 597; *United States v. Erickson*, 676 F.2d 408, 411 (10th Cir.), *cert*. denied, 459 U.S. 853, 103 U.S. 118 (1982); *Hayward v. Day*, 619 F.2d 716, 717 (8th Cir.), *cert*. denied, 446 U.S. 969 (1980).

Appellant apparently believes that his several reasons for returning to the hospital after receiving the notice not to do so are relevant. Without accepting

that as true in any manner, the State would point out that there are several problems with Appellant's arguments, which occupy the large part of his brief.

First, Appellant testified that his return was an act of civil disobedience, and that he knew and was willing to serve jail time for his actions. His motivations are, however, quite irrelevant. In a case involving a political protest at Hickham Field in Hawaii, on a day the base was open to the public, the Supreme Court wrote:

> Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language. Garcia v. United States, 469 U.S. 70, 75 (1984); United States v. Turkette, 452 U.S. 576, 580 (1981). "[O]nly the most extraordinary showing of contrary intentions" in the legislative history will justify a departure from that language. Garcia, supra, at 75. This proposition is not altered simply because application of a statute is challenged on constitutional grounds.

*United States v. Albertini*, 472 U.S. 675, 680 (1985). The statutory language, thus, is consulted, notwithstanding the political, or other, motivations of the offender.

Additionally, the record is clear that Appellant was not seeking an explanation for his exclusion. He sought to speak with no one. He was not seeking an administrative remedy. He made no contact with anyone regarding the trespass warning and asked no one for any explanation. Also, it is clear that

11

no medical reason for his visit existed. He chose not to seek administrative remedy but, rather, to intentionally violate the law (RR Vol. 4, PP. 221-223).

Appellant argues that the evidence is somehow insufficient because there was some question about whether or not the hospital administrator had the authority to exclude a member of the public but this is nothing more than a rabbit trail and a misstatement of the requirements of the law of trespass. That statute requires notice in the form of oral or written communication by the owner or someone with apparent authority to act for the owner, and the evidence brought before the jury reflected that authority. That the hospital had a duty to the public to provide medical care does not in any manner alter the law of trespass. Appellant wasn't seeking medical care, he was seeking to violate the law as an act of civil disobedience. He wasn't seeking arbitration of his billing issues, he was seeking arrest.

The State submits that whether the hospital was open to law abiding citizens who legitimately sought medical assistance is entirely irrelevant to the question of whether proper notice was given to Appellant that his re-entry to the facility for all but medical emergencies was forbidden. Appellant freely admitted that he made a gesture of a gun being aimed at Mr. Jones when he met with the

12

hospital administrator on September 13, 2013, but stated that Mr. Jones must have misunderstood his intent (RR Vol. 4, PP. 250-251).[2]

Appellant also argues that he had a protectible liberty interest because the hospital was a public place and that, therefore, he had some type of right to a hearing and an appeal before the decision was made to exclude him from the premises. The State would first observe that, even if this were true, Appellant would not have any type of right to go on premises and make threats of physical violence toward people within the premises, nor would the fact that there was a lack of such a procedure, which the State does not admit, justify violation of the written notice. Secondly, the State would show that there is no record evidence of any attempt on Appellant's part or behalf to seek redress through administrative means. In fact, the record clearly shows that Appellant's decision was not to appeal the decision but to violate the directive.

The main authority upon which Appellant relies is inapposite. *Anthony v. State*, 209 S.W.3d 296 (Tex.App - Texarkana 2006), involved trespass at a public park. That Court first held that a facial challenge to a statute can be made for the

---

[2]  Appellant made no effort to explain his words, spoken to Mr. Jones in conjunction with his representation of a pistol, "Are you sure you want to do that?" (RR Vol. 3, P. 94). The State would assert Appellant made his intent clear.

13

first time on appeal. Appellant is not, however, making a facial challenge. He does not argue that anytime notice is given sufficient to meet the statutory requirements for exclusion from any property there must be due process protections for the affected individual. Instead, he is arguing that the prohibition of his particular entry onto this particular piece of property, due to its public nature, must be accompanied by due process protections so that his rights as a taxpayer may be preserved, or the evidence is insufficient to show a violation of the statute. This is an "as applied" argument. The *Anthony* Court's pronouncements as to preservation are inapplicable to this case, in which it is clearly shown that Appellant did not preserve his objections.

Appellant also neglects that part of the *Anthony* opinion in which it is pointed out that:

> in a plurality decision of the United States Supreme Court, Justices Stevens, Ginsburg, and Souter suggested that the freedom to loiter for innocent purposes is a fundamental right. See Chicago v. Morales, 527 U.S. 41, 53-54, n. 20, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (Stevens, J., joined by Souter, J., and Ginsburg, J.) (plurality of United States Supreme Court held: "Freedom to loiter for innocent purposes is part of the `liberty' protected by the Due Process Clause" and suggesting there is fundamental right to loiter for innocent purposes).

*Anthony*, 209 S.W.3d at 305.

*Anthony* involved a defendant's peaceful use of a public park, and his protectible interest in that peaceful use. A hospital, while open to the public, is

14

not a public park, in which loitering is encouraged. Any discussion of Appellant's so-called liberty interest must include the fact that he was not at the facility for legitimate medical reasons, or even administrative reasons, but, rather, to threaten, using gestures and words, those who worked therein. He was not exercising his right to "loiter for innocent purposes."

Additionally, while Appellant suggests that there were no written policies by which he could have challenged the decision to issue the trespass notice, the record is clear that there were, at least to some extent, procedures which might have been applicable but which were not attempted:

```
Q. Mr. Jones, let me rephrase. I'm asking you a
specific question. Mr. Ray had no way to appeal
your decision to anyone at the Hospital, District
Board, anywhere else, did he?

A. Yes, sir. He did have an opportunity.

Q. Who would he appeal it to?

A. Could have been appealed to me. Could have been
appealed to the Board. We have a Patient Grievance
Committee.

Q. Was there a written policy regarding how to
appeal such a decision?

A. Patient Grievance Committee. Yes, sir.
```

(RR Vol. 3, P. 163-164). While Appellant chose to ignore this answer and concentrate on procedures specifically designed to deal with trespassers, the fact remains that Appellant did have resort to the Patient Grievance Committee but

15

he chose not to use it. He chose, instead, to violate the law as an act of civil disobedience. That there was some method by which Appellant could have challenged the decision to exclude him from the hospital for all but emergency purposes has not been seriously challenged.

Additionally, a procedural due process analysis is two-tiered. Not only must there be a determination of whether the complaining party has a protected liberty or property interest but there is the question of whether sufficient procedural safeguards are employed to assure the deprivation is not arbitrary. See *Ex parte Montgomery*, 894 S.W.2d 324, 327 (Tex.Cr.App. 1995); *Anthony*, *supra*; *Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); and *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-570 (1972). Given the availability of a Patient Grievance Committee, and Appellant was a patient, any such liberty interest has been protected.

In this regard, Appellant argues, "In this case, Appellant did absolutely nothing disruptive or illegal that would warrant his being banned from a taxpayer-funded building that is open to the public."[3] The State would show that

---

[3] Appellant's Brief, P. 18.

16

the exact opposite exists. Appellant entered and, during a discussion of a bill which he had neglected, pointed his fingers in a pistol shape at the hospital administrator and asked, "Are you sure you want to do that?" (RR Vol. 3, P. 94). This was not only disruptive, but it may well have been an illegal threat.

The State would also show that the record does not demonstrate how the warning impaired defendant's pursuit of any medical needs. Appellant was not excluded from the hospital for all purposes. He was merely warned that entering the hospital except for emergency services, an undefined term which may well have included his allergy shots, was forbidden. Appellant was not prevented from using the hospital for those legitimate purposes and his interests in obtaining medical care was never shown to have been affected. Thus, the type of liberty interest recognized in *Than* was not infringed upon in this case.

In *Yoc-H v. State*, No. 07-13-00222-CR (Tex.App - Amarillo, April 28, 2014)(not designated for publication), the Court of Appeals entertained a due process challenge to the conviction based on very similar allegations as in the case at bar. Before pleading guilty the defendant raised, by pre-trial motion, the due process issues relating to the issuance of the trespass notice, and a hearing was held. In contrast, Appellant in the case at bar made no effort to raise any

17

constitutional issues he might have had, either at the time of the incidents or at the time of his trial.

There is no requirement within the statute for a hearing prior to issuing a no trespass notice, either as to private or public property. In *Yoc-H*, the Court assumed, *arguendo*, that the public nature of the Texas Woman's University campus presented a protectible liberty interest to go upon its property. *Yoc-H*, slip op. at 4. That Court relied on the presumption that the legislature has not acted unconstitutionally in passing statutes such as the trespass statute, and that defendant had failed to show that there was no method by which he could appeal the decision. *Yoc-H*, slip op. at 5-6. The party who challenges the constitutionality of the statute on Due Process grounds has the burden of demonstrating the scheme's unconstitutionality. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Cr.App. 1978); *Anthony*, 209 S.W.3d at 303. Appellant's reliance on cases involving innocent use of public facilities are inapposite to the facts of the case, which demonstrate that Appellant accessed the facility to confront the Administrator, Mr. Jones, and that he threatened Jones while on the facility grounds.

Appellant attempts to couch this case as a constitutional challenge (his act of "civil disobedience"), but none of the issues he raises in this Court were submitted to the jury. Appellant moved the trial court to direct a not-guilty verdict on the basis of his constitutional rights, citing *Anthony*, *supra* (RR Vol. 4, PP. 151-172). He did not, however, request that the jury be given any instruction which would allowed it to have implemented Appellant's claim that "the lack of a policy to determine who should be excluded from a public hospital violates Appellant's procedural due process rights."

Nothing in the court's charge on guilt-innocence would have allowed the jury to acquit Appellant if they believed his constitutional right to due process was violated. Additionally, when the trial court provided Appellant the opportunity to modify the court's charge as proposed, Appellant offered no complaints:

```
THE COURT: Any objections to the Charge on behalf of the
Defendant?

MR. JOHNSON: No, Your Honor.
```

RR Vol. 4, P. 268, L. 3-5.

Whether Appellant's purported constitutional challenge is considered a "facial" or "as applied challenge, the claim was waived by Appellant's failure to properly raise the issue in the trial court. See *Karenev v. State*, 281 S.W.3d 428,

19

434 (Tex.Cr.App. 2009)(holding that facial challenge to constitutionality of statute is forfeitable right that is waived if defendant fails to raise it in trial court); and *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Cr.App. 1995)(holding that an "as-applied challenge" was waived because the defendant did not specifically object at trial). Further, to the extent that the issue might be interpreted as being that the trial court should have granted Appellant's motion for a directed verdict, the case law makes very clear that a challenge to the denial of a motion for directed verdict must be treated as a challenge to the sufficiency of the evidence. See *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Cr.App. 1996); *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Cr.App. 1990).

In this case, the jury was asked, as required by *Roberson*, *Johnson*, *Gollihar*, and *Malik*, whether

> . . . on or about the 3rd day of October 2013, in McCulloch County, Texas, the defendant, Gary Don Ray, did then and there intentionally and knowingly enter a habitation, namely Heart of Texas Healthcare System, Brady, Texas 76825, without the effective consent of the said Tim Jones, acting for the Heart of Texas Healthcare System, and the said defendant had notice that the entry was forbidden . . ..

That was the only question the jury was required to answer, and the only things the State needed to prove. All other questions have been waived and are not relevant to the sole issue before this Court, which is whether the evidence to sustain the conviction is sufficient.

## Conclusion

Appellant admitted each and every element of the offense.  Additionally, the State presented independent evidence as to each element of the offense. There was, therefore, sufficient evidence upon which the jury, as a rational trier of fact, could rely in finding all of the required elements of the offense charged. The evidence is sufficient, and the conviction should be affirmed.

## Prayer

WHEREFORE, PREMISES CONSIDERED, the undersigned, on behalf of the State of Texas, respectfully prays that this Honorable Court will review this brief and upon submission of the case to the Court will affirm the judgment and conviction of the court below.

Respectfully submitted,

/s/ Tonya Spaeth Ahlschwede

**Tonya Spaeth Ahlschwede**
District Attorney, 452nd District Court
Post Office Box 635
Mason, Texas 76856
eMail: tsa@452da.net
Tel: 325-347-8400
Fax: 325-347-8404
State Bar Card No. 24025656

Attorney for the State of Texas

21

# Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 4511 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on March 20, 2015, a true and correct copy of the above and foregoing "State's Brief"was transmitted via the eService function on the State's eFiling portal, to M. Patrick Maguire  (mpmlaw@ktc.com), counsel of record for the Appellant.

/s/ Tonya Spaeth Ahlschwede

**Tonya Spaeth Ahlschwede**